1

2

3

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11

RODERICK WASHINGTON,                              CASE NO. CV F 07-01615 LJO WMW HC

12

               Petitioner,        **ORDER GRANTING RESPONDENT'S**
**MOTION TO DISMISS; DENYING**

13

   vs.        **PETITION FOR WRIT OF HABEAS**
**CORPUS WITH PREJUDICE; DENYING**

14

JOHN DUVEY,        **PENDING MOTIONS AS MOOT;**
**DIRECTING CLERK OF COURT TO**

15

              Respondent.        **ENTER JUDGMENT FOR RESPONDENT;**
**DECLINING ISSUANCE OF**

16

**CERTIFICATE OF APPEALABILITY**

17

_____/

18

      On November 5, 2007, Roderick Washington ("Petitioner"), proceeding *pro se*, filed a Petition

19

for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").[1]  On

20

April 30, 2008, and May 29, 2008, Petitioner filed Motions for a Temporary Restraining Order against

21

John Duvey ("Respondent") and other correctional officers at Corcoran State Prison.  On June 18, 2008,

22

Respondent filed a Motion to Dismiss the Petition.  On July 23, 2008, Petitioner filed an Opposition to

23

the Motion to Dismiss ("Opposition").  On December 23, 2008, Petitioner filed a letter with the Court

24

(1) stating he was "released" on December 17, 2008, and (2) updating his address of record to a

25

residential address in Los Angeles, California.  *See Washington v. Scribner*, No. CV F 05-01509 LJO

26

27

_____

28

     [1]      Although petitions for habeas corpus relief are routinely referred to a Magistrate Judge, *see* L.R. 72-302, the Court exercises its discretion to address the Petition pursuant to Local Rule 72-302(d).

1    WMW HC (E.D. Cal. Dec. 24, 2008).[2]

2                                    **DISCUSSION**

3          Petitioner challenges a 2006 misdemeanor conviction of exposing his private parts in a public

4    place (Cal. Penal Code § 314(1)).  (*See* Pet. 2.)  On July 27, 2006, Petitioner was denied probation and

5    sentenced to time already served from an unrelated conviction.  (Resp't's Lodged Doc. ("RLD") 13 at

6    162-65, 171-73.)  In addition, Petitioner was required to register as a sex offender pursuant to California

7    Penal Code section 290.  (*Id.*)  Petitioner did not file the instant federal Petition until November 5, 2007,

8    more than fifteen months after he completed his sentence for the underlying conviction.

9          Respondent seeks to dismiss the Petition for Petitioner's failure to satisfy the "in custody"

10   requirement at the time of filing the Petition.  (Mot. to Dismiss 1.)  "[T]he essence of habeas corpus is

11   an attack by a person in state custody upon the legality of that custody, and . . . the traditional function

12   of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973);

13   *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).  Under 28 U.S.C. § 2254(a), a petitioner must

14   show that he is "in custody" pursuant to the underlying challenged conviction, and the custody

15   requirement is jurisdictional.  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam).  In order to

16   satisfy the custody requirement, the petitioner must be in custody at the time the petition is filed in

17   federal court.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

18         Registration pursuant to a sexual offender registration statute, such as California Penal Code

19   section 290, does not satisfy the "in custody" requirement.  *Henry v. Lungren*, 164 F.3d 1240, 1241-42

20   (9th Cir. 1999); *see id.* at 1242 ("Registration, even if it must be done in person at the police station,

21   does not constitute the type of severe, immediate restraint on physical liberty necessary to render a

22   petitioner "in custody" for the purposes of federal habeas corpus relief."); *see also Williamson v.*

23   *Gregoire*, 151 F.3d 1180, 1184 (9th Cir. 1998).  "Instead, the registration requirement is merely a

24   collateral consequence of conviction that is 'not [itself] sufficient to render an individual "in custody"

25   for the purposes of a habeas attack upon it.'"  *Henry*, 164 F.3d at 1242 (*quoting Maleng*, 490 U.S. at

26   492).

27   ───────────────

28         [2]      A court may take judicial notice of court records.  *See, e.g.*, *United States v. Howard*, 381 F.3d 873, 876
     n.1 (9th Cir. 2004).

                                        2

1    Here, Petitioner challenges his 2006 indecent exposure conviction, which resulted in a sentence

2    to time already served from an unrelated conviction.  When Petitioner filed his federal Petition in

3    November 2007, Petitioner was no longer incarcerated pursuant to his 2006 conviction (Petitioner had

4    in fact completed his sentence at sentencing), but did need to register as a sex offender.  As stated by the

5    Ninth Circuit, registration as a sex offender is insufficient to satisfy the "in custody" requirement to

6    confer jurisdiction to this Court.  *See Henry*, 164 F.3d at 1241-42; *see also Maleng*, 490 U.S. at 490-91.

7    In addition, the Court has reviewed the record, and there is no indication that Petitioner's 2006

8    conviction resulted in any other sentence or constraint that would satisfy the "in custody" requirement

9    at the time Petitioner filed the Petition.[3]

10   Accordingly, Petitioner was not in custody at the time he filed the Petition, and the Court is

11   without jurisdiction.  *Maleng*, 490 U.S. at 490.

12   **Certificate of Appealability**

13   An applicant seeking to appeal a district court's dismissal of a habeas petition under 28 U.S.C.

14   § 2254 must first obtain a certificate of appealability ("COA") from a district judge or circuit judge.  28

15   U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A judge should either grant the COA or state reasons

16   why it should not issue, and the COA request should be decided by a district court in the first instance.

17   Fed. R. App. P. 22(b)(1); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

18   The applicant for a COA must make a "substantial showing of the denial of a constitutional

19   right."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  A "substantial showing"

20   is defined as a demonstration (1) that the issues are debatable among jurists of reason; (2) that a court

21   could resolve the issues differently; or (3) that issues are adequate to deserve encouragement to proceed

23   [3]  Indeed, Petitioner states in his Petition that the result of his 2006 conviction was "life on sexual

24   registration."  (Pet. 2.)  However, Petitioner alleges in his Opposition the unsubstantiated claim that he "is on parole as a result of the conviction and subject to parole revocation, [and] is therefore in custody from the conviction."  (Opp'n at 4.)  A habeas petitioner on parole at the time of filing a federal petition satisfies the "in custody" requirement.  *Maleng*, 490 U.S.

25   at 491.  However, Petitioner has provided no evidence that any parole was the result of the *challenged* 2006 indecent exposure conviction.  (*See* RLD 13 at 162-65, 171-73) (2006 sentence); *Maleng*, 490 U.S. at 490-91 (stating a petitioner must

26   be in custody "under the conviction or sentence *under attack* at the time his petition is filed") (emphasis added).  The parole that Petitioner mentions appears to be related to 2002 convictions for identity theft and second degree burglary, which are

27   not the convictions Petitioner attacks in the instant Petition.  *See Washington v. Dovey*, No. CV F 07-01398 AWI SMS HC (E.D. Cal. Aug. 15, 2008), Docs. 2 (Pet.), 26 (Findings & Recommendation), 27 (Order Adopting Findings & Recommendation).

3

1  further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see Slack*, 529 U.S. at 483-84 (stating that

2  except for substituting the word "constitutional" for the word "federal," § 2253 codified the pre-AEDPA

3  standard announced in *Barefoot v. Estelle*).

4      When, as present here, the "district court denies a habeas petition on procedural grounds without

5  reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows,

6  at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

7  denial of a constitutional right and that jurists of reason would find it debatable whether the district court

8  was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  "Section 2253 mandates that both

9  showings be made . . . and a court may find that it can dispose of the application in a fair and prompt

10  manner if it proceeds first to resolve the issue whose answer is more apparent from the record and

11  arguments." *Id.* at 485.

12      As discussed, Petitioner has failed to show he was in custody at the time he filed the Petition,

13  and the Court accordingly does not have jurisdiction.  This Court has reviewed the record of this case

14  and finds that reasonable jurists would not find the Court's procedural ruling debatable or wrong.

15  Accordingly, the Court declines to issue a certificate of appealability.

16                              **CONCLUSION AND ORDER**

17      For the reasons discussed above, the Court GRANTS Respondent's Motion to Dismiss, DENIES
the Petition for Writ of Habeas Corpus with prejudice, and DECLINES the issuance of a certificate of
18  appealability.  All other pending motions are DENIED as moot.  The Clerk of Court is ORDERED to
enter Judgment for Respondent and to close Case No. CV F 07-01615 LJO WMW HC. IT IS SO
19  ORDERED.

20  **Dated:   January 20, 2009         /s/ Lawrence J. O'Neill**
                              UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

                                    4